LABARGA, J.,
concurring.
I concur and write to emphasize the important duty of this Court to honor *155 and effectuate the intent of the voters in passing Florida’s groundbreaking constitutional amendment prohibiting partisan or discriminatory intent in drawing the congressional apportionment plan at issue in this case. While examination of objective data can disclose a discriminatory result, only the discovery authorized by the majority can disclose unconstitutional intent, if there be any, in the apportionment process. Moreover, the majority recognizes a constitutionally-founded legislative privilege, although not an absolute one. It is the Florida Constitution, not the judiciary, that creates the necessity for the Legislature to disclose any evidence of improper intent. Thus, there is no violation of the principle of separation of powers. Without the limited discovery authorized in this case, there is no other meaningful or practicable way for the intent of the voters in enacting the constitutional amendment to be realized.
As has been true throughout Florida’s constitutional history, the Legislature must act within the constitutional limitations imposed upon it by the people of Florida. See e.g., In re Apportionment Law Senate Joint Resolution No. 1305, 1972 Regular Session, 263 So.2d 797, 805 (Fla.1972) (“It is well settled that the state Constitution is not a grant of power but a limitation upon power.”). Nowhere is the will of the people expressed more strongly than in the Florida Constitution. In the matter before the Court, the people have spoken through their amendment limiting the ability of their elected representatives to carry out legislative redistricting with any partisan or discriminatory intent. The decision reached today allows realization of this limitation on legislative power. Thus, I fully concur in the majority decision in this case.
LEWIS, J., concurs.